# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WILLIAM ANDERSON,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-14-0604-X-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>　　　　　Agency. | DATE: April 14, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eric L. Pines, Esquire, Houston, Texas, for the appellant.

Andrew M. Greene, Atlanta, Georgia, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　On April 28, 2016, the administrative judge issued a compliance initial decision finding the agency in noncompliance with a settlement agreement resolving the appellant's underlying removal appeal. *Anderson v. Department of the Treasury*, MSPB Docket No. AT-0752-14-0604-C-1, Compliance File (CF),

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Tab 5, Compliance Initial Decision (CID).  For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2		On March 26, 2014, the appellant appealed his removal to the Board. *Anderson v. Department of the Treasury*, MSPB Docket No. AT-0752-14-0604-I-1, Initial Appeal File (IAF), Tab 1.  During the pendency of the appeal, the parties executed a written settlement agreement.  IAF, Tab 32.  In a June 12, 2015 initial decision, the administrative judge dismissed the removal appeal as settled.[2] IAF, Tab 33, Initial Decision.  However, the appellant subsequently filed a petition for enforcement claiming that the agency breached the settlement agreement.  CF, Tab 1.

¶3		On April 28, 2016, the administrative judge issued a compliance initial decision finding that the agency had not taken all of the actions required by the settlement agreement.  CID.  Accordingly, he granted the appellant's petition for enforcement and ordered the agency to take the following actions:  (1) cancel the Standard Form (SF) 50 reflecting that the appellant was removed for misconduct effective April 11, 2013, and expunge all documents in the appellant's Official Personnel File (OPF) related to the April 11, 2013 removal for misconduct; (2) issue new SF-50s reflecting that the appellant was in a Family and Medical Leave Act-Leave Without Pay duty status from January 13 through April 13, 2013, and that the 14-day suspension effective January 13, 2013, has been rescinded; (3) issue new SF-50s reflecting that the appellant was in a paid duty status from April 13, 2013, through July 13, 2015, and reflecting the career-ladder promotion the appellant would have received during this time period; (4) pay the appellant the back pay due to him pursuant to the settlement agreement; (5) issue a SF-50 reflecting that the appellant was removed for

---

[2] After neither party filed a petition for review by July 17, 2015, the initial decision became the final decision of the Board.  ID at 3; *see* 5 C.F.R. § 1201.113.

medical inability to perform effective July 14, 2015; and (6) identify the agency official charged with complying with the administrative judge's order and inform such official in writing of the potential sanction for noncompliance. CID at 9-10. The compliance initial decision informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board a statement that it has taken the actions identified, along with evidence establishing that it has taken those actions. CID at 10-11. It also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 11-12, 15.

¶4      On May 10, 2016, the agency submitted to the Clerk of the Board evidence reflecting that it had informed the agency official charged with complying with the administrative judge's order of the potential sanction for noncompliance and emails regarding its efforts to calculate the amount of back pay owed to the appellant. *Anderson v. Department of the Treasury*, MSPB Docket No. AT-0752-14-0604-X-1, Compliance Referral File (CRF), Tab 1. On May 27, 2016, the agency submitted copies of the new SF-50s ordered by the administrative judge and documentation reflecting that a request to process the back pay award had been sent to the National Finance Center. CRF, Tab 2. On June 10, 2016, the agency submitted evidence reflecting that agency disbursed the back pay award to the appellant on June 3 and June 7, 2016. CRF, Tab 3. The appellant did not file a response to the agency's evidence of compliance.

## ANALYSIS

¶5      When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its

compliance actions supported by documentary evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶6     We find that the agency has submitted sufficient evidence to establish its compliance with the Board's order. As discussed above, the agency submitted evidence indicating that the appellant's OPF contains SF-50s that accurately reflect the terms of the settlement agreement and administrative judge's orders and that the appellant has now received the appropriate amount of back pay. CRF, Tabs 1-3. The appellant has not disputed the agency's evidence.

¶7     In light of the agency's evidence of compliance, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[3]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                          _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.